## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

MCKINLEY CLARK,

               **Plaintiff,**

    vs.                           **Civil Action 2:11-CV-470**
                                        **Judge Watson**
                                        **Magistrate Judge King**

MICHAEL J. ASTRUE, Commissioner
of Social Security,

               **Defendant.**

### REPORT AND RECOMMENDATION

      This is an action instituted under the provisions of 42 U.S.C. §§405(g) and 1383(c) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income. This matter is now before the Court on plaintiff's *Statement of Specific Errors*, Doc. No. 14, and the Commissioner's *Memorandum in Opposition*, Doc. No. 19.

      Plaintiff McKinley Clark protectively filed his application for benefits in February 2007, alleging that he has been disabled since June 3, 1992, due to diabetes, high blood pressure, poor vision, and chronic back pain.[1] *PageID* 186. The application was denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

      On November 24, 2009, plaintiff, represented by counsel, appeared and testified at a hearing, as did Michael A. Klein, Ph.D., who testified as a vocational expert. In a decision dated February 24, 2010, the administrative law judge concluded that

---

[1] At the administrative hearing, plaintiff amended his alleged onset date to February 19, 2007, *i.e.,* the day that he protectively filed his application. *See PageID* 62, 114.

plaintiff was not disabled within the meaning of the Social Security Act. That decision became the final decision of the Commissioner of Social Security when the Appeals Council denied review on April 1, 2011.

Plaintiff was 56 years old on the amended alleged onset date. *PageID* 72, 169.  He has a high school education. *PageID* 190. He has no prior relevant work experience, although plaintiff reported prior work as a lubrication servicer.  *PageID* 72, 209.

Plaintiff testified at the administrative hearing that he experiences low back pain every day. *PageID* 131. The pain began in 1999 and has worsened since that time. *PageID* 130-31. At the time of the administrative hearing, his daily pain was a 10 on the analog pain scale. *PageID* 132. The pain is aggravated by standing too long.  He also has difficulty bending. *Id.*

Plaintiff treats his back pain with a TENS unit, medication and back rubs. *PageID* 132. His medications make him drowsy. *PageID* 124. He has also participated in physical therapy. *PageID* 133-34. A uses a cane, which was prescribed for him. *PageID* 136-37.

Plaintiff climbs the stairs in his home "maybe once a day." *PageID* 117.  He no longer drives.  Page ID 119. On a typical day, plaintiff tests his blood sugar, eats, watches the news or reads the Bible. *PageID* 128.  He uses the telephone or plays chess with a friend.  He also naps.  He attends church. *PageID* 129. He performs no household chores. *Id.*

Plaintiff estimates that he can stand and/or walk about 15 to 20 minutes before having to sit down, for a total of three hours in an eight-hour workday. *PageID* 125. He estimates that he can sit for 35 to 40 minutes before having to stand for 10 minutes before sitting back down. *PageID* 126. His therapist advised that he should not lift more than five pounds. *Id.*  He can lift a gallon of milk, but cannot do so repetitively. *PageID* 127, 133.

2

Plaintiff underwent a compensation and pension evaluation in November 2006 at the Veteran's Affairs Medical Center ("VA"). Records reflect diagnoses of diabetes since 1999, for which plaintiff is prescribed NovoLog. Plaintiff complained of intermittent numbness and tingling in his feet and intermittent low back pain for the two years prior to this examination. On physical examination, plaintiff's gait was normal. He could toe and heel raise. Forward flexion was possible to 80 degree and extension was possible to 30 degrees. There were no paraspinal musculature spasms. Peripheral nerve studies were 5/5 and deep tendon reflexes were symmetrical and 2+ bilaterally. There was no asymmetrical muscle atrophy. X-rays of the lumbar spine revealed evidence of degenerative disc disease with some mild facet joint arthropathy in the lower lumbar region. Plaintiff was diagnosed with mild arthritis of the lumbar spine and very mild bilateral diabetic peripheral neuropathy in the lower extremities. The VA examiner concluded that, although plaintiff suffered from mechanical low back pain, this condition "is [not] a reason for unemployability." *PageID* 255.

Edward Stone, M.D., has treated plaintiff's low back pain at the VA.  In February  2007, Dr. Stone advised plaintiff to refrain from heavy lifting.  *PageID* 247.

On July 5, 2007, Norma Villanueva, M.D., performed a consultative examination of plaintiff at the request of the state agency. *PageID* 317-21. Plaintiff reported throbbing back pain for 3 years, which prevented him from walking more than 2 blocks without pain. *PageID* 317. He cannot climb stairs and could stand for only 30 minutes without pain. *Id.*  Dr. Villanueva noted that plaintiff could get on/off the examination table and dress and undress without difficulty. Plaintiff's gait was slow. *PageID* 320. Dr. Villanueva also noted tenderness in the lower back.  On clinical examination, Dr. Villanueva reported, flexion was limited

3

to 50 degrees and extension was limited to 15 degrees with pain; there was decreased sensation in the lateral aspect of the feet. *PageID* 318. Dr. Villanueva's clinical impression was diabetes mellitus with neuropathy and chronic low back pain, possibly the result of arthritis. *PageID* 319.

A state agency physician, Virgilio Pilapil, M.D., reviewed the file on July 26, 2007, *PageID* 594-601, and opined that plaintiff could lift and/or carry 50 pounds occasionally and 25 pounds frequently, could stand and/or walk for about 6 hours and sit for about 6 hours in an 8-hour workday. *PageID* 595. Plaintiff could occasionally climb ramps, stairs, ladders, ropes or scaffolds and could frequently balance, stoop, kneel, crouch and crawl. *PageID* 596. Plaintiff would be limited to far visual acuity. *PageID* 597. That assessment was affirmed in October 2007 by another state agency physician, Nick Albert, M.D. *PageID* 384.

On August 16, 2007, plaintiff was seen at the primary care clinic at the VA for diabetes mellitus II, obesity, mild renal insufficiency and low back pain. *PageID* 338-40. Kun B. Lim, M.D., reported that plaintiff suffered from daily low back pain due to degenerative disease of the lumbar spine and had been advised to refrain from heavy lifting. *PageID* 340, 341. The doctor also noted that plaintiff had been unable to work for the past several years due to back pain. *Id.* An x-ray of the lumbar spine was normal. *PageID* 377.

In September 2007, Dr. Lim prescribed a straight cane. *PageID* 350-51.

On January 18, 2008, plaintiff underwent a functional capacity evaluation upon referral by the VA. *PageID* 402-11. The occupational therapist reported that, because of plaintiff's elevated blood pressure, a physical demand level could not be assessed. However, the therapist observed positional tolerances

4

within the occasional level when it came to sitting and hand manipulative skills. *Id.*

Plaintiff was seen by Andrew Su, M.D., at the primary care clinic at the VA on February 13, 2008. *PageID* 525-28. Plaintiff reported chronic low back pain, occasional mild fatigue, variable blood sugars of between 130-250 and overeating. *PageID* 525. Dr. Su referred plaintiff to the diabetic clinic and for nutrition services. *PageID* 527. Dr. Su noted that plaintiff was compliant with his pain management plan of care. *Id.*

Plaintiff underwent a second functional capacity evaluation on May 1, 2008. *PageID* 413-22. The occupational therapist concluded that plaintiff fell within the sedentary physical demand level and could not tolerate more than a 2 hour workday. *PageID* 413. Plaintiff could only occasionally sit, stand and walk. *PageID* 414.

Plaintiff was initially seen at the Diabetic Control Clinic at the VA on May 30, 2008. *PageID* 549-52. Plaintiff reported that he was walking 3 times a week, for 15 minutes at a time, to help with diabetic control. *PageID* 551-52.

On December 9, 2008, Dr. Su reported that plaintiff suffered chronic severe low back pain due to degenerative disc disease which precluded all lifting. As a result, Dr. Su concluded, plaintiff was unable to work. *PageID* 424.

Plaintiff's diabetes was reported as uncontrolled at his next appointment in the Diabetes Control Clinic at the VA on December 31, 2008. It was determined that plaintiff had not been taking the correct dosage of medication at the correct time. Plaintiff also failed to bring his blood sugar log to the appointment. *PageID* 437-41. On January 15, 2009, plaintiff reported that his morning sugars remained elevated. His insulin was increased. *PageID* 435. On March 3, 2009, plaintiff reported that he

5

could not walk much because of his lower back pain. *PageID* 485. *PageID* 487.

On June 17, 2009, plaintiff was seen in the podiatry clinic at the VA for complaints of right heel pain. He was diagnosed with right plantar fasciitis and right Achilles tendonitis. *PageID* 469-72.

On August 13, 2009, Dr. Su saw plaintiff for complaints of worsening chronic low back pain. *PageID* 505-07. An x-ray of the lumbar spine showed partial sacralization of the left L5 transverse process with pseudoarticulation, a condition that could be "symptomatic." *PageID* 491. Dr. Su prescribed physical therapy. *PageID* 507.

Plaintiff attended physical therapy sessions from September through November 2009. *PageID* 493-96, 571-72, 577-81. On clinical examination, plaintiff demonstrated limited range of motion; straight leg raising was limited to 40 degrees on the left by pain. *PageID* 494. He exhibited poor control of the left leg and had difficulty maintaining a stable trunk. *Id.* Plaintiff reported that a TENS unit helped his pain. *PageID* 572.

On November 18, 2009, Dr. Su opined that plaintiff is unable to do more than sedentary work due to chronic lumbar pain. This limitation was expected to be lifelong. *PageID* 593.[2]

At the administrative hearing, the vocational expert was asked to assume a claimant with plaintiff's vocational profile who can life 50 pounds occasionally. In response, the vocational expert testified that such a claimant could perform plaintiff's past work as a lubrication servicer and approximately 40,000 medium, and 60,000 light, jobs in the regional economy. The vocational expert also testified that, assuming the credibility of plaintiff's

---

[2]The record also includes treatment for mental impairments. Because the issues presented in plaintiff's *Statement of Errors* do not turn on the Commissioner's assessment of plaintiff's claimed mental impairments, the Court will not recount that evidence.

testimony regarding pain, such a claimant could not perform any work because such a claimant would be unable to sit, stand or walk for an eight hour day. *PageID* 140-43.

In her decision, the administrative law judge found that plaintiff suffers the severe impairments of diabetes mellitus type II, hypertension with mild angiopathy, degenerative disc disease of the lumbar spine, hepatitis C, tendonitis of the right Achilles tendon and right plantar fasciitis.  Finding that plaintiff's conditions neither meet nor equal a listed impairment, the administrative law judge went on to find that plaintiff has the residual functional capacity to perform a full range of medium exertion. Using Rule 203.14 of the Medical-Vocational Guidelines [3] as a framework, and relying on the testimony of the vocational expert, the administrative law judge concluded that plaintiff is not disabled within the meaning of the Social Security Act.  *PageID* 62-73.

Pursuant to 42 U.S.C. §405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971). *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).  Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003); *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

---

[3]*See* Medical-Vocational Guidelines, 20 C.F.R. Subpart P, Appendix 2, Rule 203.14.

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990)(citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)), and even if substantial evidence also supports the opposite conclusion. *Longworth*, 402 F.3d at 595.

In his *Statement of Errors*, plaintiff contends that the administrative law judge erred by failing to give controlling weight to the opinions articulated by his treating physician, Dr. Su. Plaintiff also contends that, had the administrative law judge properly considered Dr. Su's opinion that plaintiff is capable of no more than sedentary exertion, the Medical-Vocational Guidelines would direct a finding of disability.[4]

The opinion of a treating physician is entitled to controlling weight if it is consistent with the evidence and supported by sufficient clinical findings. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007). However, an ALJ is not bound by such an opinion if there is substantial medical evidence to the contrary. *Id.* In addition, the ALJ is not bound by a physician's conclusory opinion that a claimant is unable to work. *See Bass v. McMahon, 499 F.3d 506*, 511 (6th Cir. 2007).

If an administrative law judge rejects the opinion of a treating physician, she must give "good reasons" for the weight given to the opinion of that treating source. *See Blakley v. Commissioner of Social Security,* 581 F.3d 399, 406 (6th Cir. 2009); *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004). *See also* 20 C.F.R. § 416.927(d)(2). In meeting this standard, the administrative law judge must consider certain

---

[4] A claimant of plaintiff's age who is limited to even light exertion would be disabled under Rule 202.04 of the Medical-Vocational Guidelines.

factors, specifically "the length of the treatment relationship and the frequency of the examination, and the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record as a whole, and the specialization of the treating source." *Id*. The administrative law judge's reasons must also be based on evidence in the record and be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating sources medical opinion and the reasons for that weight." *Id*.

In finding that plaintiff has the residual functional capacity for medium work, the administrative law judge relied on the opinions of the state agency physicians and the comments of Drs. Stone and Lim that plaintiff should avoid "heavy lifting." The administrative law judge specifically rejected Dr. Su's December 2008 and November 2009 assessments, in which Dr. Su stated that plaintiff could perform no lifting, was limited to sedentary exertion, and was disabled. *PageID* 424, 593. The administrative law judge characterized Dr. Su's opinions as inconsistent with the medical evidence, including Dr. Su's own treatment notes, and as conclusory with "very little explanation of the evidence relied on in forming the opinions." *PageID* 68.[5]

This Court concludes that the administrative law judge failed to properly evaluate Dr. Su's opinions. Although those opinions were, as noted by the administrative law judge, somewhat conclusory, they were no less so than were the opinions of Drs. Stone and Lim, upon which the administrative law judge relied.

---

[5]In addition, the administrative law judge rejected Dr. Su's opinion that plaintiff is disabled because it intruded into an area reserved to Commissioner. *See* 20 CFR §416.927(e). Whether a person is disabled within the meaning of the Social Security Act is an issue reserved to the Commissioner, and a treating physician's opinion that his patient is disabled is not "giv[en] any special significance." *Id*. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) ("The determination of disability is ultimately the prerogative of the Commissioner, not the treating physician.")

Moreover, the objective medical evidence, which includes x-ray evidence of a condition that could be "symptomatic," limited range of motion and positive straight leg raising, provides greater support for the opinions of Dr. Su than for the opinions of Drs. Stone and Lim. In any event, even Dr. Lim prescribed a cane and commented that plaintiff "has not been able to work for past several years due to back pain." *PageID* 341.

Dr. Su's opinions are also supported by the findings and conclusions of the occupational therapist, who concluded that plaintiff was limited to sedentary exertion. The administrative law judge gave "little consideration" to the occupational therapist's conclusion, characterizing it as "not consistent with the totality of medical evidence." *PageID* 68.

It is not apparent to this Court in what respect the opinions of Dr. Su and the conclusion of the occupational therapist were inconsistent with the medical evidence which, as noted *supra*, includes objective evidence of a severe back impairment. It therefore cannot be said that the administrative law judge gave good reasons for her assessment of the opinions of Dr. Su.

In short, this Court concludes that the matter must be remanded to the Commissioner for further consideration of the opinions of plaintiff's treating physician, Dr. Su.

It is therefore **RECOMMENDED** that the decision of the Commissioner be **REVERSED** and that the matter be **REMANDED** to the Commissioner of Social Security for further consideration of the opinions of plaintiff's treating physician, Dr. Su.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P.

72(b). Response to objections must be filed within fourteen(14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers,* 18 *Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

<u>Date:</u> July 6, 2012            *s/Norah McCann King*
                         Norah McCann King
                     United States Magistrate Judge

11